UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TODD C. BANK, Individually and on Behalf of
All Others Similarly Situated,

*Plaintiff*,

-against-

COGINT, INC., FLUENT, INC, FLUENT,
LLC, and REWARD ZONE USA, LLC,

*Defendants*.

# CLASS-ACTION COMPLAINT

## INTRODUCTION

1.      This action arises under the federal Telephone Consumer Protection Act, 47 U.S.C.
Section 227 ("TCPA").

2.      Plaintiff brings this action individually and as a class action on behalf of all persons to
whose cellular telephone number, during the period beginning four years prior to the commencement
of this action until the date of such commencement: one or more text messages, described below,
were placed (the " Class").

3.      Plaintiff seeks, individually and on behalf of the other Class Members, statutory
damages, injunctive relief, and costs.

4.      The term "person," as used in this Complaint, incorporates the definition of "person"
provided in 1 U.S.C. Section 1.

## PARTIES

5.      Plaintiff, Todd C. Bank ("Bank"), is a resident of the Eastern District of New York.

6.      Defendant, Cogint, Inc., is a corporation organized and existing under the laws of

Delaware, and has a principal place of business at 2650 North Military Trail, Suite 300, Boca Raton, Florida  33431.

7.     Defendant, Fluent, Inc., is a corporation organized and existing under the laws of Delaware, and has a principal place of business at 33 Whitehall Street, 15th Floor, New York, New York  10004.

8.     Defendant, Fluent, LLC, is a corporation organized and existing under the laws of Delaware, and has a principal place of business at 33 Whitehall Street, 15th Floor, New York, New York  10004.

9.     Defendant, Reward Zone USA, LLC, is a limited-liability company organized and existing under the laws of Delaware, and has a principal place of business at 128 Court Street, 3rd Floor, White Plains, New York  10601.

## APPLICABLE LAW

10.     The TCPA states that it is "unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

11.     A text message is a "call" within the meaning of the TCPA. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952-954 (9th Cir. 2009).

12.     Persons to whose telephone line a call is made in violation of 47 U.S.C. Section 227(b)(1) may bring an action to enjoin such violations and to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. Section 227(b)(3). If the court finds that a defendant willfully or knowingly violated Section 227(b)(1), the court may increase the award by up to $1,000 per violation. *See id.*

## JURISDICTION AND VENUE

13.     This Court has jurisdiction under 28 U.S.C. Section 1331.

14.     Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

## FACTS

15.     On March 28, 2018, Bank received, on a cellular telephone line to which he is the named subscriber (the "Telephone Line"), a text message (the "Text Message").

16.     The Text Message was as follows:



17.     Upon tapping the hyperlink (*i.e.*, asapbts.us/09-0328) in the Text Message, a webpage with the address of electronicsproductzone.com appeared on Bank's screen (the "Web Page").

18.     The Web Page appeared as follows:

**[continued on next page]**

3

6:58

electronicsproductzone.com



Status: **AVAILABLE!**

# Pair of Beats headphones*

*Upon completion of purchase requirements. Click for details*



1732 · · · · · · · · · · · · · · · · · · · · · · · 2 min ago

Question 1 of 3

## Do you listen to music?

Yes       No

NATI◯NAL CONSUMER CENTER

**Program Requirements – Updated March 23, 2017.** To earn an incentive, you must: 1) be a U.S. resident 18 years or older; 2) provide accurate and complete registration information; 3) complete the survey questions; 4) view optional offers; and 5) complete the requisite number of Silver, Gold and Platinum offers which are split into two tiers based on the incentive's value. For Tier 1 incentives with a value of $100 or less, complete 1 Silver, 1 Gold and 2 Platinum offer. For Tier 2 incentives with a value of more than $100, complete 1 Silver, 1 Gold, and 8 Platinum offers. You must complete all offers within 20 days from when you complete your first offer. Completion of offers usually requires a purchase or entering into a paid subscription program for goods or services. Incentives are limited to one incentive of any kind per household (persons living at the same address) within any twelve calendar month period provided you must wait 24 calendar months after you claim a Tier 2 incentive before you can claim another Tier 2 incentive. The Representative Offer Chart describes the terms of several offers including a description of the offer, the initial commitment, ongoing obligations and how to cancel. We reserve the right to substitute a gift card of greater or equivalent value for any incentive. Failure to submit accurate registration information, complete the survey questions or comply with claim verification process will result in disqualification. SOLVING A PUZZLE, PROVIDING YOUR REGISTRATION INFORMATION, COMPLETING THE SURVEY OR VIEWING OPTIONAL OFFERS WITHOUT COMPLETING THE NUMBER OF REQUIRED OFFERS SPECIFIED ABOVE DOES NOT QUALIFY YOU FOR AN INCENTIVE. We verify your registration information and if it's inaccurate, the pages with the Gold, Silver and Platinum offers may not be displayed. If that happens, you won't be eligible to earn an incentive.

By participating, you agree to the Terms & Conditions which includes mandatory arbitration and Privacy Policy which includes your consent to our sharing your personally identifiable information with our Marketing Partners for which we may be compensated and to receive email marketing from our Marketing Partners.

RewardZone USA administers this website and does not claim to represent or own any of the trademarks, tradenames or rights associated with the displayed brands or any of the incentives which are the property of their respective owners who do not own, endorse, or promote RewardZone or this promotion.

Member Support - Prize Status - Privacy Policy - Terms & Conditions - FAQ

19.     At all relevant times, Defendants have owned and operated the Web Page.

20.     On March 29, 2018, Bank spoke to Mohit Singla, an employee of Defendants, during which the following dialogue occurred:

> TCB: I can give you the number, can you just tell me if I'm in the system? The number they texted, if you're ready.
>
> MS: Go ahead.
>
> 917-[XXX-XXXX].
>
> ***
>
> MS: That number was provided by someone named Javier Rodriguez on Feb 12 . . . this year, last month.
>
> TCB: Do you know how that was provided?
>
> MS: By the person who entered in our web site on Feb 12.
>
> TCB: How do you know that so fast?
>
> MS: I'm looking at a log from February 12, where a person entered that address, Javier Rodriguez, with an address in Staten Island, and this phone number that you just gave me.
>
> ***
>
> TCB: Is that the only contact you have from him, or from that number?
>
> MS: Correct.
>
> TCB: What was he giving the number about? Did it say he wanted to get texts, or did he text his number itself, or what?
>
> MS: Just entered our, just registered with our program. It doesn't look like he opted to receive any texts or phone calls, but that doesn't mean that there was no opt-out of receiving texts or phone calls.
>
> ***

MS: Whoever this Javier Rodriguez was, was given the option to opt in.

TCB: I thought you said he did not opt in.

MS: I don't see that because we did not pass the number to any call-center partners, so I'm guessing he was not opted in.

TCB: So why would he get a text?

MS: The text was probably after he completed one offer, or attempted to complete an offer on our wall, and the text is not a solicitation but rather an invitation to come back to our program as a transactional.

TCB: When I clicked the link, it led to something electronicproductzone.

MS: Sure.

TCB: Do you know what that this?

MS: That's our program, rewards program.

TCB: Is it just like he's eligible, or maybe I'm eligible cause I received it, for an award?

MS: Yeah.

TCB: So what do I have to do to get this, it's a pair of headphones, it says.

MS: Yeah, just complete the requirements, and terms and conditions, and you'll be good to go.

***

TCB: Do I have to pay any money or anything?

MS: Yeah, you do, it's purchase required.

TCB: So it's not free?

MS: No, it shouldn't say that it's free.

21.     The equipment that was used to send the Text Message had the capacity to store or

produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

22.     The Text Message was made without the prior express written consent of any person who had the legal right to provide such consent.

23.     The Text Message included and introduced an "advertisement" as defined in 47 C.F.R. § 64.1200(f)(1).

24.     The Text Message constituted "telemarketing" as defined in 47 C.F.R. § 64.1200(f)(12).

25.     Defendants placed, or authorized to be placed, the Text Message.

26.     Defendants placed, or authorized to be placed, to recipients other than Bank, thousands of text messages that were materially similar to the Text Message and that were placed without the prior express written consent of any person who had the legal right to provide such consent.

27.     The Text Message and the text messages to recipients as described in the preceding paragraph (collectively, the "Class Text Messages") disturbed the peace, solitude, and tranquility of Bank and the other recipients.

28.     The Class Text Messages annoyed and frustrated Bank and the other recipients.

29.     The Class Text Messages to Bank and the other recipients were a nuisance.

**[continued on next page]**

**FIRST CAUSE OF ACTION**

30.     Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "29" inclusive of this Complaint as if fully set forth herein.

31.     The placement of the Class Text Messages violated 47 U.S.C. Section 227(b)(1)(a)(iii).

32.     Bank and the other Members of the Class are entitled to an Order, pursuant to 47 U.S.C. Section 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. Section 227(b)(1)(a)(iii).

33.     Bank and Members of the Class are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Section 227(b)(1)(a)(iii).

34.     In the event that Defendants willfully or knowingly violated 47 U.S.C. Section 227(b)(1)(a)(iii)), Bank and the other members of the Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Sections 227(b)(3)(C).

**CLASS ALLEGATIONS**

35.     Bank brings this action individually, and as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the other Members of the Class.

36.     Bank believes, with respect to each of the three Classes that are identified in the preceding paragraph, that there are thousands of persons whose claims are similar to Bank's individual claims, and, furthermore, that Bank's individual claims are typical of the claims of the other Class Members. Members of each Class have sustained damages arising out of Defendants' wrongful conduct in the same manner in which Bank has sustained damages arising therefrom.

37.     Bank will fairly and adequately protect the interests of each Class. Bank has no interests that are antagonistic to, or in conflict with, the Members of the Classes. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

38.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because each of the Classes are so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Classes are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Classes to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

39.     Common questions of law and fact predominate over questions that affect only individual Class Members. Among those questions are:

(i)      whether text messages were placed to cellular telephone numbers by Defendants;

(ii)     whether Defendants violated Section 227(b)(1)(a)(iii) of the TCPA;

(iii)    whether Defendants willfully or knowingly violated Section 227(b)(1)(a)(iii) of the TCPA;

(iv)     whether the Members of the Class are entitled to injunctive relief as a result of Defendants' violations of Section 227(b)(1)(a)(iii) of the TCPA; and

(v)      whether the Members of the Class are entitled to damages as a result of Defendants' violations of Section 227(b)(1)(a)(iii) of the TCPA, and, if so, how much.

[continued on next page]

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a)     Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendants from violating 47 U.S.C. Section 227(b)(1)(a)(iii);

(b)     Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1)(a)(iii) for Plaintiff and the other Members of the Class;

(c)     Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other Members of the Class, in addition to the statutory damages prayed for in the preceding paragraph, if the Court finds that Defendants knowingly or willfully violated 47 U.S.C. Section 227(b)(1)(a)(iii);

(d)     An award, to Plaintiff and the other Members of each Class, of the costs and disbursements of this action, and reasonable legal fees, and such other and further relief as this Court deems just and proper.

Dated: June 6, 2018

Respectfully submitted,

   *s/ Todd C. Bank*
TODD C. BANK
  ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*
