TODD C. BANK, ATTORNEY AT LAW, P.C.
119-40 Union Turnpike, Fourth Floor
Kew Gardens, New York  11415
Telephone: (718) 520-7125
Facsimile: (856) 997-9193

www.toddbanklaw.com                                                              tbank@toddbanklaw.com

August 7, 2018

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201
Attn.: Judge William F. Kuntz, II

        Re:    Todd C. Bank v. Cogent, Inc., *et al.*
               Case No. 1:18-cv-03307-WFK-PK

Dear Judge Kuntz:

      I, the plaintiff in the above-referenced matter, respond to the Order (Dkt. No. 23) issued today, which states, in full:

> Pursuant to rules III.B.l(i) and III.B.3 of the Individual Motion Practices and Rules of this Court, the Plaintiff in this action is ORDERED: To serve and file his request in writing, not to exceed three (3) pages in length, for a pre motion conference requesting permission to move to strike the affirmative defenses of the Defendant on ECF on notice to all parties on or before 5:00 P.M. on Tuesday, August 13, 2018. Counsel for the Defendant shall serve and file its letter response not to exceed three (3) pages in length on or before 5:00 P.M. on August 22, 2018.

(the "Pre-Motion-Conference Order")

**Procedural History**

      On August 6, I filed a motion (Dkt. No. 15), pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure, to strike portions of Defendants' Answer (Dkt. No. 10). Immediately thereafter, I filed a letter (Dkt. No. 17) explaining why I filed the motion instead of requesting a pre-motion conference. The Court denied the motion shortly after it was filed. *See* the Court's first Text Order of August 6.

      On August 6, I filed a letter motion (Dkt. No. 18) in which I requested, as an alternative form of relief, a pre-motion conference regarding my anticipated motion to strike. I did so on the chance that the Court, with or without holding a pre-motion conference, would permit me to file the motion by August 9, which is 21 days after service of Defendants' Answer and, therefore, the last day by

Judge William F. Kuntz, II  *Todd C. Bank v. Cogent, Inc.,* et al.
August 7, 2018  Case 1:18-cv-03307-WFK-PK
-page 2-

which such motion could be filed. *See* Fed. R. Civ. P. 12(f)(2); *see also* letter at Dkt. No. 17. The Court denied this request. *See* the Court's second Text Order of August 6.

On August 6, I again filed a motion (Dkt. No. 19) to strike, in which I described, in the docket text, the motion as "following denial . . . of request for pre-motion conference." The Court denied the motion shortly after it was filed. *See* the Court's third Text Order of August 6.

On August 6, I filed, following the third Text Order, a letter (Dkt. No. 22) whose docket text is: "MOTION to Amend/Correct/Supplement Order on Motion to Strike, Order on Motion to Strike, Order on Motion for Pre Motion Conference, Order on Motion to Strike." The letter stated, in full:

> I, the plaintiff in the above-referenced matter, request that the Court explain why it has denied the motions that I have made today (Dkt. Nos. 15 and 16; Dkt. No. 18 (request for a pre-motion conference); and Dkt. Nos. 19 (replaced by No. 21) and 20). I make this request in order that the Court will resolve the motion on the merits. Although I do not know if the Court has denied the motions because of the "bundling" procedure (I assume that this was not the case, given that the Court denied the request for a pre-motion conference), I note that the Court's Individual Rules state that "the Court *requests* that the parties refrain from filing motion papers until the motion has been fully briefed" (emphasis added). [¶] I will appreciate the clarification."

On August 7, the Court issued the following Text Order: "ORDER denying [22] Motion to Amend/Correct/Supplement as moot in light of impending order," which the Court immediately followed by issuing the Pre-Motion-Conference Order.

**Conclusion**

The dates set forth in the Pre-Motion-Conference Order would prevent the timely filing of my Rule 12(f)(2) motion. Therefore, I will file it immediately after the filing of the instant letter; and I request that the Court rule upon the motion (whether or not the Court first holds a pre-motion conference) rather than strike or deny it based on the Court's Individual Rules.

Finally, I cannot now request the holding of a pre-motion conference, because doing so would likely constitute a withdrawal of the motion, and thus, again, prevent me from subsequently complying with the 21-day filing requirement of Rule 12(f)(2).

Sincerely,

  s/ *Todd C. Bank*

Todd C. Bank

TCB/bd