UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>-against-<br><br>COGINT, INC., FLUENT, INC, FLUENT, LLC, and REWARD ZONE USA, LLC,<br><br>*Defendants*. | 1:18-cv-03307-WFK-PK |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION, PURSUANT TO RULE 12(f)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE, TO STRIKE PORTIONS OF DEFENDANTS' ANSWER**

TODD C. BANK
ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES . . . . . ii

STATUTES . . . . . ii

REGULATIONS . . . . . ii

RULES . . . . . ii

CASES . . . . . iii

INTRODUCTION . . . . . 1

ARGUMENT . . . . . 1

I. DEFENDANTS HAVE ASSERTED SEVERAL DEFENSES THAT SHOULD BE STRICKEN . . . . . 1

A. Governing Rules and Principles . . . . . 1

(i) Negative Defenses and Affirmative Defenses . . . . . 1

(a) Right to Assert . . . . . 1

(b) Nature of the Defenses . . . . . 2

(ii) Burden of Proof on Affirmative Defenses . . . . . 4

(iii) Affirmative Defenses Must Be Specifically Pled . . . . . 5

(iv) The Striking of "Defenses" that are not Defenses of Any Type . . . . . 6

B. Numerous of Defendants' Affirmative Defenses Should be Stricken . . . . . 6

II. NUMEROUS OF DEFENDANTS' DENIALS SHOULD BE STRICKEN . . . . . 10

CONCLUSION . . . . . 12

# TABLE OF AUTHORITIES

**Page**

**STATUTES**

47 U.S.C. § 227 ........ 6, 8, 9

47 U.S.C. § 227(c)(1)(C) ........ 7

47 U.S.C. § 227(b)(1)(C) ........ 7

**REGULATIONS**

47 C.F.R. § 64.1200 ........ 6

47 C.F.R. § 64.1200(a)(3)(i) ........ 7

47 C.F.R. § 64.1200(a)(3)(iv) ........ 7

47 C.F.R. § 64.1200(a)(3)(v) ........ 7

47 C.F.R. § 64.1200(a)(4) ........ 7

**RULES**

Fed. R. Civ. P. 8(b) ........ 2

Fed. R. Civ. P. 8(b)(1)(A) ........ 1

Fed. R. Civ. P. 8(b)(1)(B) ........ 10

Fed. R. Civ. P. 8(b)(2) ........ 10

Fed. R. Civ. P. 8(c) ........ 1, 2

Fed. R. Civ. P. 8(d) ........ 2

Fed. R. Civ. P. 8(d)(3) ........ 2

Fed. R. Civ. P. 12(b)(6) ........ 4

Fed. R. Civ. P. 12(f)(2) ........ 1

Fed. R. Civ. P. 23 ........ 7

Fed. R. Civ. P. 23(a)(4) ........ 10

      **Page**

**Table of Authorities (*Cont'd*)**

**CASES**

*Ahmed v. HSBC Bank USA, Nat'l Assn.*, No. 15-cv-2057, 2017 WL 5720548 (C.D. Calif. Nov. 6, 2017) . . . . . 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) . . . . . 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) . . . . . 5

*CIT Bank, N.A. v. Metcalfe*, No. 15-cv-1829, 2017 WL 3841843 (E.D.N.Y. Aug. 17, 2017) . . . . . 3-4

*Elliot v. Mission Trust Servs., LLC*, 104 F. Supp. 3d 931 (N.D. Ill. 2015) . . . . . 3

*Emmons v. Southern Pacific Transportation Co.*, 701 F.2d 1112 (5th Cir. 1983) . . . . . 3

*FTC v. Liberty Supply Co.*, No. 15-cv-829, 2016 WL 4063797 (E.D. Tex. July 29, 2016) . . . . . 3

*Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373 (7th Cir. 1990) . . . . . .3

*Frame v. City of Arlington*, 657 F.3d 215 (5th Cir. 2011) (*en banc*) . . . . . 4

*Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59 (2d Cir. 2012) . . . . . 4

*Gibson Brands Inc. v. Viacom Int'l Inc.*, No. 12-cv-10870, 2016 WL 8931305 (S.D. Calif. Sept. 29, 2016) . . . . . 4

*Gray v. Ivey*, No. 17-cv-118, 2017 WL 9398650 (M.D. Fla. Apr. 3, 2017) . . . . . 6

**Page**

**Table of Authorities; Cases (*Cont'd*)**

*Greenwich Fin. Servs. Distressed Mortg. v. Countrywide Fin. Corp.*, 654 F. Supp. 2d 192 (S.D.N.Y. 2009) . . . . 4

*Griffin v. Don E. Bower, Inc.*, No. 16-cv-2412, 2017 WL 4310091 (M.D. Pa. Sept. 28, 2017) . . . . 2

*Hawkins v. Jamaica Hospital Medical Center*, No. 16-cv-4265, 2018 WL 3134415 (E.D.N.Y. Feb. 26, 2018) . . . . 7

*Howard Communications Ltd. v. Golf Gifts and Gallery, Inc.*, No. 01-cv-1419, 2001 WL 428168 (N.D. Ill. Apr. 25, 2001) . . . . 11

*In re Frescati Shipping Company, Ltd.*, 886 F.3d 291 (3d Cir. 2018) . . . . 5

*In re Rawson Food Service, Inc.*, 846 F.2d 1343 (11th Cir. 1988) . . . . 3

*Kanne v. Connecticut General Life Ins. Co.*, 867 F.2d 489 (9th Cir. 1988) . . . . 4

*Lee v. Sixth Mount Zion Baptist Church of Pittsburg*, No. 15-cv-1599, 2017 WL 3608140 (W.D. Pa. Aug. 22, 2017) . . . . 2

*McKinney-Dropnis v. Massage Envy Franchising, LLC*, No. 16-cv-06450, 2017 WL 1246933 (N.D. Cal. Apr. 5, 2017) . . . . 3

*Meggitt (San Juan Capistrano), Inc. v. Nie*, No. 13-cv-0239, 2014 WL 12589109 (C.D. Calif. Jan. 28, 2014) . . . . 4

*Novelis Corp. v. N.L.R.B.*, 885 F.3d 100 (2d Cir. 2018) . . . . 5

*Primack v. Frederick J. Hanna & Associates, P.C.*, No. 10-cv-3388, 2010 WL 3734061 (N.D. Ill. Sept. 16, 2010) . . . . 10

**Page**

**Table of Authorities; Cases (*Cont'd*)**

*Riemer v. Chase Bank USA, N.A.*,
274 F.R.D. 637 (N.D.Ill. 2011) . . . . . . . . . . 3

*Robert v. Buck Consultants, Inc.*,
No. 97-cv-7352, 1997 WL 754014
(N.D. Ill. Nov.19, 1997) . . . . . . . . . . 14

*Saks v. Franklin Covey Co.*,
316 F.3d 337 (2d Cir. 2003) . . . . . . . . . . 2-3

*Sauceda v. Univ. of Texas at Brownsville*,
958 F. Supp. 2d 761 (S.D. Tex. 2013) . . . . . . . . . . 4

*Scenic Holding, LLC v. New Bd. of Trs. of the Tabernacle Missionary Baptist Church, Inc.*,
506 F.3d 656 (8th Cir. 2007) . . . . . . . . . . 4

*Seijas v. Republic of Argentina*,
606 F.3d 53 (2d Cir. 2010) . . . . . . . . . . 10

*World Kitchen, LLC v. American Ceramic Society*,
No. 12-cv-8626, 2015 WL 3429380
(N.D. Ill. May 27, 2015) . . . . . . . . . . 6

*Zivkovic v. Southern Calif. Edison Co.*,
302 F.3d 1080 (9th Cir. 2002) . . . . . . . . . . 3, 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,

*Plaintiff*,

-against-

COGINT, INC., FLUENT, INC, FLUENT, LLC, and REWARD ZONE USA, LLC,

*Defendants*.

1:18-cv-03307-WFK-PK

**INTRODUCTION**

Plaintiff, Todd C. Bank ("Bank"), submits this memorandum of law in support of his motion to strike, pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure (the "Federal Rules"), portions of the Answer (Dkt. No. 10), to the Complaint (Dkt. No. 1), of Defendants, Cogint, Inc., Fluent, Inc, Fluent, LLC, and Reward Zone USA, LLC.

**ARGUMENT**

**POINT I**

**DEFENDANTS HAVE ASSERTED SEVERAL DEFENSES THAT SHOULD BE STRICKEN**

**A. Governing Rules and Principles**

**(i) Negative Defenses and Affirmative Defenses**

**(a) Right to Assert**

Rule 8(b)(1)(A) of the Federal Rules states that, "[i]n responding to a pleading, a party must . . . state[,] in short and plain terms[,] its *defenses* to each claim asserted against it" (emphasis added), whereas Rule 8(c) states that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or *affirmative* defense" (emphasis added). The former concerns *negative* defenses;

the latter, *affirmative* defenses. Under these provisions, "[a] defendant may plead *as many* defenses as necessary, negative ***or*** *affirmative*," *Griffin v. Don E. Bower, Inc.*, No. 16-cv-2412, 2017 WL 4310091, *2 (M.D. Pa. Sept. 28, 2017) (emphases added), "and they need not be consistent," *id.*, citing Fed. R. Civ. P. 8(d), which states: "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3).

**(b) Nature of the Defenses**

With respect to the two types of defenses that are addressed by Rules 8(b) and 8(c), *i.e.*, negative and affirmative, one court noted:

> As explained by one treatise:
>
>> Federal Rule 8*(c)* requires that a responsive pleading must set forth certain enumerated ***substantive defenses*** as well as "any other matter constituting an avoidance or *affirmative* defense." *This subdivision* of the basic pleading rule deals with ***affirmative*** defenses and should be read in *conjunction with*, and *distinguished from*, Rule 8*(b)*, which deals with *denials or* ***negative defenses*** that ***directly contradict*** *elements of the plaintiff's claim for relief*.
>>
>> Rule 8*(c)* is a lineal descendent of the common[-]law plea by way of "confession and avoidance," which permitted a defendant who was willing to *admit* that the plaintiff's declaration demonstrated a *prima facie case* to then go on and allege *additional* ***new material*** that would defeat the plaintiff's ***otherwise valid*** cause of action.
>
> Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1270 (Affirmative Defenses—In General) (3d ed.).

*Lee v. Sixth Mount Zion Baptist Church of Pittsburg*, No. 15-cv-1599, 2017 WL 3608140, *26 (W.D. Pa. Aug. 22, 2017) (emphasis added). *See also Saks v. Franklin Covey Co.*, 316 F.3d 337 (2d Cir. 2003) ("[a]n *affirmative defense* is defined as '[a] defendant's assertion raising ***new*** *facts and arguments* that, *if true*, will defeat the plaintiff's or prosecution's claim, *even if* all allegations in the complaint *are* ***true***,'" *id.* at 350, quoting *Black's Law Dictionary* at 430 (7th ed. 1999) (emphases

added); *McKinney-Dropnis v. Massage Envy Franchising, LLC*, No. 16-cv-06450, 2017 WL 1246933 (N.D. Cal. Apr. 5, 2017) ("'[a] defense which *demonstrates that [the] plaintiff has not met its burden of proof* is *not* an *affirmative defense*.' *Rather*, such a defense is *merely rebuttal* against the evidence [to be] presented by the plaintiff," *id.* at *7, quoting *Zivkovic v. Southern Calif. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (additional citation and quotation marks omitted)); *FTC v. Liberty Supply Co.*, No. 15-cv-829, 2016 WL 4063797, *3 (E.D. Tex. July 29, 2016) ("[a] *negative* defense is 'one which tends to *disprove* one or all of the *elements* of a *complaint*.' In other words, a negative defense is the *equivalent* of a defendant saying, '*I did not do it*,'" quoting *Emmons v. Southern Pacific Transportation Co.*, 701 F.2d 1112, 1118 (5th Cir. 1983) (emphases added; additional citation and quotation marks omitted)); *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("[a] defense which points out a *defect* in the plaintiff's *prima facie case* is *not an affirmative defense*" (emphases added)); *Riemer v. Chase Bank USA, N.A.*, 274 F.R.D. 637, 639 (N.D.Ill. 2011) (an affirmative defense "is one that *admits* the allegations in the complaint, but *avoids liability*, in whole or in part, by *new* allegations of excuse, justification[,] or *other* ***negating*** *matters*" (emphases added)).

In *Elliot v. Mission Trust Servs., LLC*, 104 F. Supp. 3d 931 (N.D. Ill. 2015), the court addressed the negative defense of failure to state a claim, but explained the nature of negative defenses *generally*:

> Technically, failure to state a claim is *not a[n] [affirmative] defense*, although often erroneously pleaded as such as a matter of course. Such a "defense" *attacks a plaintiff's prima facie claim*, and is thus a "*negative* defense," rather than an *affirmative* defense, which must plead "*matter that is* ***not*** *within the claimant's* ***prima facie case***." 2A Moore's Federal Practice ¶ 8.27[1] (2d Ed.1992). *See also Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1377 (7th Cir. 1990) (*affirmative defenses do not controvert proof of the claim* to which they are addressed).

*Id.* at 936, n.3 (emphases added). *See also CIT Bank, N.A. v. Metcalfe*, No. 15-cv-1829, 2017 WL

3841843, *4, n.3 (E.D.N.Y. Aug. 17, 2017) ("[t]he . . . affirmative defense [of] failure to state a claim is not an affirmative defense at all."); *Meggitt (San Juan Capistrano), Inc. v. Nie*, No. 13-cv-0239, 2014 WL 12589109, *2 (C.D. Calif. Jan. 28, 2014) ("[the] affirmative defense . . . that '[the] [p]laintiff has failed to state claims upon which relief may be granted[]' . . . is the basis for a *Rule 12(b)(6) motion*, *not* an *affirmative defense*" (emphases added)).

**(ii) Burden of Proof on Affirmative Defenses**

As noted in *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59 (2d Cir. 2012), "the burden of proving an affirmative defense is on its *proponent*," *id.* at 72 (emphasis added); *see also Scenic Holding, LLC v. New Bd. of Trs. of the Tabernacle Missionary Baptist Church, Inc.*, 506 F.3d 656, 670 (8th Cir. 2007) ("[t]he burden of proving a defense of an affirmative nature is upon the *defendant*" (emphasis added)); *Gibson Brands Inc. v. Viacom Int'l Inc.*, No. 12-cv-10870, 2016 WL 8931305, *3 (S.D. Calif. Sept. 29, 2016) ("an affirmative defense, by its *nature*, is one where the *defendant* carries the *burden of proof*," citing *Kanne v. Connecticut General Life Ins. Co.*, 867 F.2d 489, 492, n.4 (9th Cir. 1988) (emphases added), whereas, "'[a] defense which demonstrates that [the] ***plaintiff*** *has not met* ***its*** *burden of proof* is not an affirmative defense,'" quoting *Zivkovic*, *supra*, 302 F.3d at 1088 (emphases added)); *Sauceda v. Univ. of Texas at Brownsville*, 958 F. Supp. 2d 761, 773 (S.D. Tex. 2013) ("[b]y its *very nature*, an affirmative defense generally 'places the burden of proof *on the party pleading it*,'" quoting *Frame v. City of Arlington*, 657 F.3d 215, 239 (5th Cir. 2011) (*en banc*) (emphases added)); *Greenwich Fin. Servs. Distressed Mortg. v. Countrywide Fin. Corp.*, 654 F. Supp. 2d 192, 203 (S.D.N.Y. 2009) ("[a]n argument constitutes an *affirmative defense* if it is the *defendant's burden* to prove the facts essential to the argument.") (emphases added)).

**(iii) Affirmative Defenses Must Be Specifically Pled**

As the Second Circuit recently reiterated, "affirmative defenses must be *specifically* pled." *Novelis Corp. v. N.L.R.B.*, 885 F.3d 100, 107 (2d Cir. 2018) (emphasis added). Furthermore, although "[t]here is a *split of opinion* within this Circuit as to whether *the 'plausibility' standard* for pleadings that was articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), should be held to apply to motions directed to the legal sufficiency of *affirmative defenses*," *S.E.C. v. American Growth Funding II, LLC*, No. 16-cv-828, 2016 WL 8314623, *3, n.1 (S.D.N.Y. Dec. 30, 2016) (emphasis added), the court found that, "*[r]egardless* of the resolution of this divide, affirmative defenses should be pleaded with *enough particularity as to provide* ***fair notice*** *of the nature of [the] defense*." *Id.* (emphases added; citation and quotation marks omitted).

In *In re Frescati Shipping Company, Ltd.*, 886 F.3d 291 (3d Cir. 2018), the court noted: "In general, [a]n affirmative defense ... need *not* be articulated with *any rigorous degree of specificity*, and is sufficiently raised for purposes of [Fed. R. Civ. P. 8] by its *bare assertion*. *Nevertheless*, the party asserting the defense ***must actually do so***, and in a way that gives *fair notice* of that defense." *Id.* at 313 (emphases added; brackets and ellipsis in original; citations and quotation marks omitted). Even under this liberal pleading requirement, the court found that an affirmative defense that "read[] simply: 'The claims and causes of action set forth [by] the plaintiffs[] are barred in whole or in part by the provisions of the Oil Pollution Act [], 33 U.S.C. § 2701, et seq.,'" *id.*, was not sufficient, explaining as follows: "*[n]oticeably absent* from this general averment is ***any specific citation*** to the limitation[-]of[-]liability defense *or* ***even a description of the nature of the defense***. This is *significant*, because the [Oil Pollution Act] includes *a number of potential affirmative defenses*." *Id.* (emphases added).

**(iv) The Striking of "Defenses" that are not Defenses of Any Type**

Where a purported defense "is *not* a defense, . . . [it] is both insufficient and immaterial," *Gray v. Ivey*, No. 17-cv-118, 2017 WL 9398650, *2 (M.D. Fla. Apr. 3, 2017) (emphasis added), and should therefore be stricken (which it was in *Gray*, which also found that the defense "has no possible relationship to the controversy," *id.*); *see also World Kitchen, LLC v. American Ceramic Society*, No. 12-cv-8626, 2015 WL 3429380, *3 (N.D. Ill. May 27, 2015) (striking, as "legally insufficient," a defense of "good faith" where "[the] [d]efendants do not dispute that good faith is not a defense to the [claim] and instead, argue simply that it 'properly raises questions beyond denying the allegations.'").

**B. Numerous of Defendants' Affirmative Defenses Should be Stricken**

**Defendants' Second Affirmative Defense:**

> The Complaint fails to state a claim upon which relief may be granted.

Because the failure to state a claim is not an affirmative defense, *see* Point I(a)(1)(B), *supra*, Defendants' Second Affirmative Defense should be stricken.

**Defendants' Fifth Affirmative Defense:**

> Defendants incorporate herein by reference all provision set for within [the Telephone Consumer Protection Act,] 47 U.S.C. § 227 [("TCPA")] and 47 C.F.R. § 64.1200 (including prior versions of this statute and regulation) and rely herein on any and all safe harbor provisions, exemptions, exceptions, limitations, conditions, and/or other defenses that may be set forth therein, including but not limited to the fact that the text at issue was sent for informational purposes only.

Because Defendants do not identify a single one of the "safe[-]harbor provisions, exemptions, exceptions, limitations, conditions, and/or other defenses that may be set forth . . . within 47 U.S.C. § 227 and 47 C.F.R. § 64.1200," this affirmative defense does not give fair notice to Bank. Reflecting Defendants' inattentive, boilerplate approach, the cited statute and regulation,

of which Defendants purport to assert all exemptions contained therein, include exemptions that are plainly inapplicable to Bank's claims, including exemptions for a call that "[i]s made for emergency purposes," 47 C.F.R. § 64.1200(a)(3)(i); a call that "[i]s made by or on behalf of a tax-exempt nonprofit organization," 47 C.F.R. § 64.1200(a)(3)(iv); and a call that "[d]elivers a 'health care' message made by, or on behalf of, a 'covered entity' or its 'business associate,' as those terms are defined in the HIPAA Privacy Rule, 45 CFR 160.103." 47 C.F.R. § 64.1200(a)(3)(v). *See also* 47 U.S.C. § 227(c)(5)(C) (exemptions for do-not-call violations (which the Complaint does not allege)); 47 C.F.R. § 64.1200(c)(2) (same). Worse yet, the statute and regulation contain exemptions that are *not even applicable to telephone calls of* ***any*** *type*. *See* 47 U.S.C. § 227(b)(1)(C) (containing exemptions to the prohibition against the sending of unsolicited fax advertisements); 47 C.F.R. § 64.1200(a)(4) (same).

Because it is not even arguable that Defendants' Fifth Affirmative Defense is sufficiently specific, *see also* Point I(A)(iii), *supra*, it should be stricken.

**Defendants' Sixth Affirmative Defense:**

> Plaintiff cannot maintain this action as a class action under the Federal Rules of Civil Procedure. Among other things, Defendants expressly deny that the identities of the putative class members are ascertainable/determinable, that there are common questions of law and fact, that such questions predominate over individual issues, that Plaintiffs claims are typical, that the individualized issues raised by Plaintiffs claims can be adjudicated on a class-wide basis, the classes themselves are defined in a way that precludes membership unless liability is established, a class action is not superior to other available methods for fairly and efficiently adj udicating the controversy, and Defendants deny that Plaintiff is a member of the class as alleged and/or is an adequate class representative.

Because the *defendant* bears the burden of proof on an affirmative defense, *see* Point I(A)(ii), *supra*, whereas "the parties seeking class certification, [*i.e.*,] the *plaintiffs*[,] bear the burden of establishing . . . that each of Rule 23's requirements has been met," *Hawkins v. Jamaica Hospital Medical Center*, No. 16-cv-4265, 2018 WL 3134415 (E.D.N.Y. Feb. 26, 2018) (emphasis added),

Defendants' Sixth Affirmative Defense should be stricken.

**Defendants' Seventh Affirmative Defense:**

> Defendants were not the senders of the text at issue and are not vicariously liable, or otherwise liable based on agency principles, for the acts of the caller/sender thereof.

Whereas the *defendant* bears the burden of proof on affirmative defenses, *see* Point I(A)(ii), *supra*, the *plaintiff*, of course, bears the burden of proving that Defendants either sent the text or are otherwise liable for the sending of it. *See also Ahmed v. HSBC Bank USA, Nat'l Assn.*, No. 15-cv-2057, 2017 WL 5720548, *3 (C.D. Calif. Nov. 6, 2017) ("*merely negating* an *element* of plaintiffs' TCPA claim is *not an affirmative defense*. [A] defense which demonstrates that [the] plaintiff has *not met its burden of proof* is *not* an *affirmative defense*" (emphases added; citations and quotation marks omitted)).

Because Defendants' Seventh Affirmative Defense is not an affirmative defense, it should be stricken.

**Defendants' Eighth Affirmative Defense:**

> Defendants state that they have complied with all applicable statutes and regulations, thereby barring any and all of Plaintiffs claims.

Per the above discussion of Seventh Affirmative Defense, *Bank* bears the burden of proving that Defendants did not comply with the relevant statutory or regulatory provisions; *Defendants* do not bear the burden of proving that they *did*.

Because Defendants' Eighth Affirmative Defense is not an affirmative defense, it should be stricken.

**Defendants' Ninth Affirmative Defense:**

> Plaintiff's claims are barred by the doctrines of estoppel, waiver, laches, consent, and other equitable doctrines as a bar to the claims of Plaintiff and the putative class members.

Per the above discussion of Defendants' Fifth Affirmative Defense, the lack of identifying "other equitable doctrines" is not sufficiently specific, and, therefore, the clause of which "other equitable doctrines" is a part should be stricken (it is not even clear which defenses are intended to apply to *Bank only*, and which are intended to apply to Bank *and* the putative class members).

**Defendants' Tenth Affirmative Defense:**

> An automatic telephone dialing system as that term is defined by 47 U.S.C. § 227, the implementing regulations promulgated thereunder, the Federal Communications Commission's rulings and/or decisional law interpreting same, was not employed.

Per the above discussion of Defendants' Seventh Affirmative Defense, *Bank* bears the burden of proving whether an automatic telephone-dialing system was used; Defendants do not bear the burden to prove that such a system was *not* used.

Because Defendants' Tenth Affirmative Defense is not an affirmative defense, it should be stricken.

**Defendants' Eleventh Affirmative Defense:**

> The Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands because Plaintiff engaged in fraud and deceit in connection with the transactions forming the basis of his claims.

Because it is indisputable that Defendants' allegations (which, incidentally, Bank will show were baseless and made in bad faith) obviously fail to comply with the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure, Defendants' Eleventh Affirmative Defense should be stricken.

**Defendants' Twelfth Affirmative Defense:**

> Given that the D.C. Circuit called for greater protection and/or notice to callers that a phone number has been reassigned, it is likely that any subsequent rule, regulation and/or declaratory ruling from the FCC will result in the implementation of an updated safe harbor which insulates from liability under the TCPA calls such as the one

at issue.

The possibility of a future change in the law is obviously not an affirmative defense; it might *become* an affirmative defense, and, if so, could be asserted when that occurs, but as it is *not now an affirmative defense*, Defendants' Twelfth Affirmative Defense should be stricken.

**Defendants' Thirteenth Affirmative Defense:**

> Plaintiff, *pro se*, cannot simultaneously serve as class representative and class counsel.

Per the above discussion of Defendants' Sixth Affirmative Defense, *Bank* bears the burden of proving the Rule 23(a)(4) class-certification criterion of adequacy of representation (which includes adequacy of counsel, *see Seijas v. Republic of Argentina*, 606 F.3d 53, 57 (2d Cir. 2010)); and Bank bears this burden whether *he* seeks to be appointed as class counsel (he does not intend to do so) or whether he seeks the appointment of separate counsel (which he intends to do).

Because Defendants' Thirteenth Affirmative Defense is not an affirmative defense, it should be stricken.

## POINT II

## NUMEROUS OF DEFENDANTS' DENIALS SHOULD BE STRICKEN

Rule 8(b)(1)(B) states: "[i]n responding to a pleading, a party must *admit or deny* the *allegations* asserted against it by an opposing party," Fed. R. Civ. P. 8(b)(1)(B) (emphases added); and Rule 8(b)(2) states: "[a] denial must fairly respond to *the **substance** of the allegation*." Fed. R. Civ. P. 8(b)(2) (emphasis added). These rules obviously do not warrant a "denial" to allegations that *do not exist*. In *Primack v. Frederick J. Hanna & Associates, P.C.*, No. 10-cv-3388, 2010 WL 3734061 (N.D. Ill. Sept. 16, 2010), the court explained: "[the defendant]'s counsel again goes on to disclaim any statutory violations and deny 'the *remaining allegations*, if any'— *of which there are none*. [That] paragraph[] of the Answer [is] accordingly stricken," *id.* at *1 (emphases added);

*see also Howard Communications Ltd. v. Golf Gifts and Gallery, Inc.*, No. 01-cv-1419, 2001 WL 428168 (N.D. Ill. Apr. 25, 2001) ("admission of all of [the plaintiff]'s allegations in Complaint ¶ 1 is coupled with a *meaningless denial* of '*all remaining allegations* of paragraph 1.' That second sentence of Answer ¶ 1 is stricken" (emphases added)); *Robert v. Buck Consultants, Inc.*, No. 97-cv-7352, 1997 WL 754014 (N.D. Ill. Nov.19, 1997):

> [A]t a number of places in the responsive pleading [,] [the defendant]'s counsel indulge the *annoying and meaningless practice of denying* ***non-existent allegations*** after having responded in full to what [the plaintiff] has alleged. . . .[P]erhaps the most blatant example of that:
>
>> [Allegation]. Plaintiff demands that the case be tried by a jury.
>>
>> A[nswer]: Defendant admits that Plaintiff has demanded that this matter be tried by a jury, but otherwise denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.
>
> Just what, pray tell, is [the defendant] denying? All such *meaningless assertions* must be *eliminated* from the new pleading that is being ordered here.

*Id.* at *1 (emphases added).

Because paragraphs 1, 2, 3, 35, and 36 of Defendants' Answer assert that Defendants "deny the remaining allegations," such portion of each of those paragraphs should be stricken.

**[continued on next page]**

**CONCLUSION**

Plaintiff respectfully requests that this Court grant, to Plaintiff, the relief expressly sought herein and any other lawful and proper relief.

Dated: August 7, 2018

Respectfully submitted,

**s/ *Todd C. Bank***

TODD C. BANK
ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*