ORIGINAL

18-____

# United States Court of Appeals for the Second Circuit

*In re* TODD C. BANK, Individually and
on Behalf of All Others Similarly Situated,

*Plaintiff-Petitioner,*

-v.-

WILLIAM F. KUNTZ, II, in his official capacity as a United States District Judge
of the United States District Court for the Eastern District of New York,

*Respondent,*

-and-

COGINT, INC., FLUENT, INC, FLUENT,
LLC, and REWARD ZONE USA, LLC,

*Defendants-Real Parties in Interest.*

| ON MANDAMUS FROM THE UNITED STATES DISTRICT COURT |
| FOR THE EASTERN DISTRICT OF NEW YORK |

**PETITION FOR A WRIT OF MANDAMUS**

TODD C. BANK
  ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Petitioner*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATUTES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RELIEF SOUGHT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

I.    THE CRITERIA FOR THE ISSUANCE OF
A WRIT OF MANDAMUS ARE SATISFIED . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

Page

## STATUTES

28 U.S.C. § 1651(a) .................................... 2

47 U.S.C. § 227 .................................... 2

## CASES

*United States v. Prevezon Holdings Ltd.*,
839 F.3d 227 (2d Cir. 2016) .................................... 2

## INTRODUCTION

This petition arises out of *Todd C. Bank, Individually and on Behalf of All Others Similarly Situated v. Cogint, Inc., Fluent, Inc, Fluent, LLC, and Reward Zone USA, LLC*, Case 1:18-cv-03307-WFK-PK (E.D.N.Y.) (the "District Court action"), wherein Respondent, William F. Kuntz, II, in his official capacity as a United States District Judge of the United States District Court for the Eastern District of New York, has refused to allow Plaintiff-Petitioner, Todd C. Bank ("Bank"), to file: (i) a motion to lift the stay that the District Court granted on December 14, 2018; and (ii) a motion for clarification of the order in which the District Court denied my motion to strike portions of the Answer of Defendants-Real Parties in Interest ("Defendants").

## RELIEF SOUGHT

Bank requests that this Court mandate that Respondent permit Petitioner to file: (i) a motion to lift the stay that the District Court granted on December 14, 2018; and (ii) a motion for clarification of the order in which the District Court denied my motion to strike portions of Defendants' Answer.

## STATEMENT OF ISSUES

1. Whether the District Court has the authority to refuse to permit Bank to file motions that he is entitled to file as a matter of right.

1

## STANDARD OF REVIEW

The All Writs Act provides that, ". . . all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). For a writ of mandamus to issue, "(1) the party seeking issuance of the writ must have no other adequate means to attain the relief it desires; (2) the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances; and (3) the petitioner must demonstrate that the right to issuance of the writ is clear and indisputable." *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 237 (2d Cir. 2016) (citation and quotation marks omitted).

## STATEMENT OF THE CASE

On June 6, 2018, Bank commenced the District Court action, which arose under the federal Telephone Consumer Protection Act, 47 U.S.C. Section 227.

On July, 19, 2018, Defendants served their Answer (Dkt. No. 10) to the Complaint (Dkt. No. 1).

On August 10, 2018, Defendants filed a motion (Dkt. No. 39) for a stay of this action (the "Stay Motion") and a declaration (Dkt. No. 40) and memorandum of law (Dkt. No. 41) in support thereof.

On August 13, 2018, Bank filed a declaration (Dkt. No. 42) in partial opposition to the Stay Motion.

On September 21, 2018, Bank filed a motion (Dkt. No. 51) to strike portions of Defendants' Amended Answer to the Complaint (the "Strike Motion") and a memorandum of law (Dkt. No. 52) in support thereof. On October 18, 2018, Defendants filed a memorandum of law (Dkt. No. 60) in opposition. On October 25, 2018, briefing on the motion was completed by Bank's filing of a reply memorandum of law (Dkt. No. 61).

On September 24, 2018, Defendants filed a letter (Dkt. No. 54) requesting that the District Court accept an untimely declaration that Defendants filed (as part of Dkt. No. 54) in connection with the Stay Motion.

On September 25, 2018, the District Court issued an order (Dkt. No. 55) that stated, in relevant part: "Defendants' September 24, 2018 motion for leave to file a document, ECF No. 54, is GRANTED. In response to Defendants' September 24, 2018 letter, ECF No. 54, Plaintiff must serve and file any responsive papers, including a sur-reply, on ECF on or before 5:00 P.M. on Friday, October 12, 2018."

On September 25, 2018, Bank filed, pursuant to Dkt. No. 55, a declaration (Dkt. No. 56) as a sur-reply in partial opposition to the Stay Motion.

On September 25, 2018, Bank filed a declaration (Dkt. No. 57) in which Bank stated: "I do not oppose Defendants' [letter] motion" filed as Dkt. No. 54. Bank Decl., Dkt. No. 57, ¶ 3. However, Bank had apparently misread Dkt. No. 55 as directing Bank to respond to that motion, whereas Dkt. No. 55 had *granted* that motion and

3

directed Bank to file any *substantive* response to the declaration by "5:00 P.M. on Friday, October 12, 2018."

On December 14, 2018, the District Court issued an order (Dkt. No. 62), which stated, in full:

> On August 10, 2018, Defendants in the above-captioned action moved to stay this case *until the resolution* of the Federal Communications Commission's rulemaking process related to a safe[-]harbor exemption for calls placed to reassigned telephone numbers and to the interpretation of the term "called party" as used in the Telephone Consumer Protection Act, 47 U.S.C. § 227. Defendants' motion to stay is GRANTED. ECF No. 39.

On December 31, 2018, Bank filed a motion (Dkt. No. 64) to lift the stay and a memorandum of law (Dkt. No. 65) in support thereof. On the District Court's ECF system, Bank chose the description that Bank thought most closely described the motion, such description being "Set Aside."

On December 31, 2018, the District Court issued a text order that stated, in full: "ORDER denying [64] Motion to Set Aside. So Ordered by Judge William F. Kuntz, II on 12/31/2018. (Kuntz, William)" (the "Lift-Stay-Motion Denial Order").

On December 31, 2018, the District Court issued a second text order, which stated, in full: "ORDER denying [51] Motion to Strike. So Ordered by Judge William F. Kuntz, II on 12/31/2018. (Kuntz, William)" (the "Strike-Motion Denial Order").

On December 31, 2018, Bank filed a motion (Dkt. No. 66) for clarification of the Strike-Motion Denial Order and a memorandum of law (Dkt. No. 67) in support

thereof, wherein Bank stated: "Bank, in order that Bank can decide *whether* to renew his effort to strike portions of Defendants' Amended Answer, and, if so, *how*, requests that the Court explain why it denied Bank's motion." Dkt. No. 67 at 1 (emphases in original). On the District Court's ECF system, Bank chose the description that Bank thought most closely described the motion, such description being "More Definite Statement."

On December 31, 2018, Bank also filed a motion (Dkt. No. 68) for clarification of the Lift-Stay-Motion Denial Order and a memorandum of law (Dkt. No. 69) in support thereof, wherein Bank stated: "Bank, who, of course, continues to desire the lifting of the stay, requests that the Court explain why it denied Bank's motion in order that Bank can decide *whether* to renew his effort to seek the stay, and, if so, *how*." Dkt. No. 69 at 2 (emphases in original). On the District Court's ECF system, Bank chose the description that Bank thought most closely described the motion, such description being "More Definite Statement."

On January 1, 2019, the District Court issued a text order that stated, in full: "ORDER denying [66] Motion for More Definite Statement. So Ordered by Judge William F. Kuntz, II on 1/1/2019. (Kuntz, William)."

On January 1, 2019, the District Court issued a second text order, which stated, in full: "ORDER denying [68] Motion for More Definite Statement. So Ordered by Judge William F. Kuntz, II on 1/1/2019. (Kuntz, William)."

5

On January 2, 2019, Bank submitted a letter (Dkt. No. 70) to the District Court that stated, in full:

> I am the plaintiff in the above-referenced matter. The parties request the following briefing schedule for my anticipated motion to lift the stay that the Court had ordered on December 14, 2018 (Dkt. No. 62), and for my anticipated motion for clarification of the text order dated December 31, 2018, that denied my motion (Dkt. No. 51) to strike portions of Defendants' Amended Answer.
>
> Motion due within one business day of the Court's ordering of a briefing schedule;
> Opposition due three weeks after service of motion; and
> Reply due two weeks after service of opposition.

This letter was submitted pursuant to the Individual Motion Practices and Rules of Judge William F. Kuntz, II, which state:

> The parties are to set up their own briefing schedule [for a motion] and submit it to the Court for approval. Approval may be given at the pre-motion conference, or, if approval is not given at that time or where no pre-motion conference is required, the briefing schedule shall be set in a scheduling order issued by the Court. No party is to serve any motion paper prior to obtaining court approval for the schedule.

*Id.*, Rule III(E)(1).

On January 3, 2019, the District Court issued an order (Dkt. No. 71) that superimposed the following upon a copy of Dkt. No. 71: "[t]he application is denied." The corresponding docket text stated, in full: "ORDER re [70] Letter requesting briefing schedule filed by Todd C. Bank. Application Denied. SO Ordered by Judge

6

William F. Kuntz, II on 1/2/2019. (Tavarez, Jennifer)."

On January 3, 2019, Bank submitted a letter (Dkt. No. 72) to the District Court that stated, in full:

> I am the plaintiff in the above-referenced matter. The parties request the following briefing schedule for my anticipated motion to lift the stay that the Court had ordered on December 14, 2018 (Dkt. No. 62).
>
> Motion due within one business day of the Court's ordering of a briefing schedule;
> Opposition due three weeks after service of motion; and
> Reply due two weeks after service of opposition.

On January 3, 2019, Bank submitted a second letter (Dkt. No. 73) to the District Court, which stated, in full:

> I am the plaintiff in the above-referenced matter. The parties request the following briefing schedule for my anticipated motion for clarification of the text order dated December 31, 2018, that denied my motion (Dkt. No. 51) to strike portions of Defendants' Amended Answer.
>
> Motion due within one business day of the Court's ordering of a briefing schedule;
> Opposition due three weeks after service of motion;
> and Reply due two weeks after service of opposition.

On January 4, 2019, Bank called (718) 613-2205, which, according to Judge Kuntz's individual rules, belongs to Judge Kuntz's case manger. Bank left a voice message in which Bank asked if Bank might have overlooked a rule relating to the requesting of the briefing schedules. Bank has not received a response to this message.

7

On January 8, 2019, Bank called (718) 613-2200, which, according to Judge Kuntz's individual rules, belongs to Judge Kuntz's chamber. Bank left a voice message in which Bank asked if Bank might have overlooked a rule relating to the requesting of the briefing schedules. Bank has not received a response to this message.

## ARGUMENT

## POINT I

### THE CRITERIA FOR THE ISSUANCE OF A WRIT OF MANDAMUS ARE SATISFIED

Bank clearly has the right to make the motions for each of which he has twice submitted a proposed briefing schedule pursuant to Judge Kuntz's individual rules; concomitantly, Judge Kuntz does not have the authority to refuse to permit Bank to make those motions.

## CONCLUSION

Bank requests that this Court mandate that Respondent, William F. Kuntz, II, in his official capacity as a United States District Judge of the United States District Court for the Eastern District of New York, permit Bank to file, in the District Court action: (i) a motion to lift the stay that the District Court granted on December 14, 2018; and (ii) a motion for clarification of the Strike-Motion Denial Order.

[continued on next page]

Dated: January 17, 2019

<div style="text-align:right">

*s/ **Todd C. Bank***
TODD C. BANK
  ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Petitioner*

</div>

9


7017 2620 0000 4753 7812


U.S. POSTAGE PAID
FCM LG ENV
KEW GARDENS, NY
11415
JAN 17, 19
AMOUNT
**$7.62**
R2304M115813-04



11201


1000


USPS

Todd C. Bank, Attorney at Law, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415

TO:   United States District Court
      Eastern District of New York
      225 Cadman Plaza East
      Brooklyn, New York 11201
      Attn.: Receiver of Service of Process